WHOLEY v. BRITISH & FOREIGN S. S. CO.

(District Court, E. D. New York. January 13, 1908.)

1. SHIPPING—INJURY TO STEVEDORE—DUTY OF OWNER—SAFE PLACE TO WORK.
    The owner of a vessel must furnish a stevedore employed thereon a safe place to work in so far as the construction of the vessel and its various parts is concerned, and also render such inspection that no hidden defect which should have been known to the officers of the vessel can exist and continue without warning.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, § 350.]

2. SAME—ASSUMED RISK.
    Libelant, a stevedore, was injured by falling through a hatchway on a vessel caused by an alleged defective hatch cover. It was charged that the cover was improperly constructed, in that it was too short, and a longshoreman who replaced it the night before testified that he noticed the defect, and had introduced wedges at each end so as to equalize the bearing surface, and prevent its displacement. The cover was in place at the time of the accident, but, when libelant stepped on the end thereof, his weight caused the cover to revolve, and he fell with the cover into the hold below. Held, that the defect, if it existed, was open and apparent, and that libelant assumed the risk thereof.

Alvin C. Cass, for libelant.
Wing, Putnam & Burlingham, for respondent.

CHATFIELD, District Judge. The libelant, a stevedore, was injured by falling through a hatchway upon the vessel St. Fillans upon the 22d day of June, 1905. The longshoremen with whom Wholey was working had loaded some iron in the hold under the hatchway in question upon the preceding day, and at the close of work Wholey's fellow longshoremen had replaced the covers to the hatch. Upon the morning in question Wholey's duties had kept him occupied some distance away from the hatch, and, the gang being called to the upper deck, Wholey stepped upon the cover nearest to where he had been working, in order to go to the place to which he had been called. The hatch and the hatch covers were constructed in the ordinary manner. The hatch covers had been replaced the night before in their proper order, and the cover upon which Wholey stepped was the one that belonged in the particular corner in which it was at the time. This hatch cover of plank was some two feet wide by eight feet long, and rested upon a shoulder inside the coaming, with a bearing surface of about an inch and a half at the end resting upon the coaming. The

further end of this particular hatch cover rested upon a T-shaped fore and after, extending the length of the hatch, and the amount of bearing surface was there also some inch and a half. The corner of the hatch cover was rounded off to fit the rounded corner of the coaming, but the shoulder upon which the end of the hatch cover rested was not carried around this curve. It also appears from the testimony that an additional movable fore and after had been placed in position under the middle of the hatch covers upon the starboard side of the hatch by the longshoremen on the night previous, and was in place at the time of the accident. The evidence shows that, when Wholey stepped upon the end of this particular hatch cover at a point near the corner of the hatch, his weight caused the hatch cover to revolve upon the movable fore and after, and he fell with the hatch cover through the opening to the hold below. His injuries were serious. He lost considerable time after the accident, and is apparently incapacitated permanently from the work which he previously performed.

It is charged that the hatch cover in question was improperly constructed, or in an unsafe condition, in that it was too short. One of the longshoremen who had replaced the hatch covers the night before testified that he noticed this particular hatch cover to be short, and had chocked it, or introduced wedges at each end, so as to equalize the bearing surface, and prevent its displacement. The owner of a vessel must furnish a stevedore employed upon his vessel a safe place to work, in so far as the construction of the vessel and its various parts is concerned, and the inspection and care of these parts is bound to have been such that no hidden defect (which was or should have been known to the officers of the vessel) is allowed to exist and to continue without warning to the stevedores. This, of course, does not include a latent defect that a reasonable inspection by the shipowner or his agents would not show. The Wm. F. Babcock (D. C.) 31 Fed. 418; The Saranac (D. C.) 132 Fed. 936; The Red Jacket (D. C.) 110 Fed. 224; The International Mercantile Marine Co. v. Fleming, 151 Fed. 203, 80 C. C. A. 479. In the case at bar, if the defect existed, it was open and apparent, and the stevedore who claims to have chocked the hatch cover not only noticed the alleged defect, but took precautions to provide against it.

There are but two explanations of the accident: Either the stevedore who chocked this particular hatch cover wedged it in such a position that it did not have sufficient purchase at the lower end, or, if he inserted the blocks properly, and rendered the hatch cover immovable, its condition was thereafter changed through the actions of the stevedores themselves prior to the time of the accident—and on neither theory can the vessel be held liable. McDonnell v. Oceanic Steam Nav. Co., 143 Fed. 480, 74 C. C. A. 500. The situation is not such as existed in the case of The Earl of Dunmore (D. C.) 120 Fed. 858, where the court said:

"Although the libelant was in the employ of the stevedore, yet the ship owed the stevedore and his men the duty of giving proper warning that the hatch would fall, unless dismantled in the particular manner now pointed out."

Hatch covers constructed in this manner are intended not only to cover the hatches, but to be used as platforms for work upon the deck in which the hatch is located; and, if the defect were one not apparent to the stevedores, when reasonably careful, but of which the ship's officers should have had knowledge, and should have given warning, the responsibility of the vessel would follow. In the case at bar the defect was not hidden, had apparently been noticed in so far as it existed by the stevedores themselves before the accident, and was of such a character that any casual inspection or observation by the foreman of the stevedores would have revealed the unsuitability of this hatch cover as a place upon which to work.

The libel must be dismissed.