### THE ITALIA.

#### (District Court, E. D. New York. April 6, 1910.)

SHIPPING (§ 84*)—LIABILITY OF VESSELS—INJURY TO STEVEDORE.

> While libelant, with other stevedores, was engaged in removing a hatch cover on a steamship, he stepped back and upon a grating over a cross-hatch, which tipped and allowed him to fall into the hold, receiving injuries. Two of the covers of the cross-hatch had been removed, and the grating, which was irregular in shape placed over the opening for the purpose of ventilation during the voyage. It had not been disturbed by the stevedores. Libelant saw it, but did not have time to examine it, to see whether it was secure, or whether the covers were in place beneath. *Held*, that he was not chargeable with negligence, but that the ship was negligent in leaving it without being secured, so that it would be held safely in place, and was liable for the injury.

> [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 342, 349–351; Dec. Dig. § 84.*]

In Admiralty. Suit by Michael O'Connell against the steamship Italia. Decree for libelant.

Bruce R. Duncan, for libelant.

Wing, Putnam & Burlingham (James Forrester, of counsel), for claimant.

CHATFIELD, District Judge. Upon the morning of November 29, 1907, a gang of stevedores, including the libelant, were engaged in opening the No. 3 hatch upon the steamer Italia. The covers having been removed, O'Connell proceeded to a position aft of the hatch and substantially amidships, to seize the end of the strongback when this was lifted out by the ship's derrick, as it usually came out with considerable force. As expected, the strongback came out in such a way that the libelant was compelled to step back and to the right as he caught the end of the iron girder. His right foot thus fell upon a grating of irregular shape, which tipped up and allowed him to fall through a cross-hatch into the hold, a distance of some 45 feet. He was injured by the fall, and charges that the ship was negligent in furnishing an unsafe method of protecting the open space, which had been left for ventilation during the voyage and after the vessel arrived in port. There were 12 covers to the hatchway through which O'Connell fell, and those numbered 4 and 5, counting from port, had been removed. These hatch covers were 1' 6½"x3' 11" in size, and the space thus left was 3' 1" wide by 3' 11" long.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The grating was substantially of the shape and size shown by the following diagram:

O'Connell testifies (and the other witnesses corroborate him in this) that he saw the grating in question; that he recognized it was not the ordinary hatch cover; that he could not see whether or not the hatch covers themselves were in place; nor could he see that the grating was not resting upon the coaming, so·as not to tip when stepped upon. His claim is that, if a grating of this sort were used for a purpose for which it was not intended, the ship would be responsible for anything which might happen to a person properly and rightfully using the vessel and exercising reasonable care with respect to the open and apparent risks to be anticipated in such a place.

The libelant admits that, if the hatchway had been left entirely uncovered, it would have been such an open and apparent risk that he should have avoided stepping into the space, in view of his experience and the circumstances under which he was upon the ship. Dwyer v. Natl. S. S. Co. (C. C.) 4 Fed. 493; The Auchenarden (D. C.) 100 Fed. 895, and cases there cited; McDonnell v. Oceanic S. N. Co., 143 Fed. 480, 74 C. C. A. 500. He admits that, if the hatch cover had been disturbed or carelessly maintained by the longshoremen themselves, he could not recover. Wholey v. British & Foreign S. Co. (D. C.) 158 Fed. 379. It is also well established that a ship owes no duty to stevedores for the maintenance of conditions under which the stevedores are put to work, after the stevedores are in charge.

Upon the trial these questions were carefully gone into, and the evidence shows nothing from which any responsibility for, or any change in, the position or condition of the open hatch and grating can be placed upon the stevedores or the libelant. Hence the question is whether O'Connell, in the light of his experience, should be held guilty of contributory negligence, if in broad daylight he stepped upon a grating, which rested in plain sight upon the top of a hatchway, even if at the time he had no opportunity to examine it, or to see whether it was securely and safely in place.

It would appear from the testimony that the irregular corner did not rest upon the hatch coaming sufficiently to sustain O'Connell's weight; but it would also appear from the testimony that the grating did cover the hatch, so that the open space or the absence of the hatch covers was not noticed by the stevedores, and hence may not have been apparent without careful examination. O'Connell having fallen, and the grating having been displaced by him, it is impossible to determine exactly its position before he stepped thereon. But the testimony of all the witnesses called by the libelant, who did see the grating in question, agrees, so far as they were questioned about the position of the grating; and it would seem that the grating then rested in such a way that a person happening to step upon the hatch under such circumstances that he could not take time for careful examination might be precipitated into the hold. It does not seem fair to charge the libelant with contributory negligence, on the ground that such a condition was an open and apparent risk for which he should be held responsible. On the other hand, it would seem that, if the ship used such a grating to cover an opening so nearly the size of the grating that a careful adjustment was necessary in order to have the uneven corner of the grating properly

supported, it would be negligence to fail to secure the grating so that it would safely be held in place.

Without, therefore, holding that the ship under ordinary circumstances owes stevedores the duty of protecting them against dangers which they should appreciate and which ordinary care might point out, it would appear that in the present case there was negligence on the part of the vessel, and no contributory negligence on the part of O'Connell sufficient to defeat his recovery. He was laid up for substantially a period of four months, and suffered an injury to the arm and ribs which still interferes in lifting.

He may have an award of $900.